**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) ) | **CIVIL ACTION NUMBER:** _____ |
| **WEST CUSTOMER MANAGEMENT GROUP, LLC** ) ) ) ) | **COMPLAINT** <br> **WITH JURY DEMAND** |
| **Defendant.** ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, and to provide appropriate relief to Derrick Roberts who was adversely affected by such practices. As alleged with greater particularity in paragraphs six (6) through sixteen (16) below, Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendant West Customer Management Group, LLC ("Defendant" or "West") discriminated against Derrick Roberts when it failed to hire him because of his national origin, Jamaican.

- 1 -

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections §§ 703(a) and 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Florida, Pensacola Division.

## PARTIES

3.  Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant West has continuously been incorporated in the State of Delaware, has continuously been doing business in the State of Florida and the City of Pensacola, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant West has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Derrick Roberts filed a charge with the Commission alleging violations of Title VII by Defendant West. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least November 19, 2009, Defendant engaged in unlawful employment practices at its Pensacola, Florida location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by denying Derrick Roberts ("Roberts") a position as a customer service representative because of his national origin, Jamaican.

8.   On or about November 18, 2009, Roberts, a 49 year-old Jamaican male, applied online with Defendant for an advertised position as a customer service representative.

9.   After being notified that his application had been received and that he could continue the process, Roberts visited Defendant's local human resources office and successfully passed data entry and skills assessment tests, including tests for the computer use required by the position.

10.   Thereafter, Roberts was interviewed by Defendant's employment specialist. At the conclusion of the interview, Roberts was told by Defendant's representatives that his "thick accent" would make matters worse for angry customers.  Without explanation, he was also told now that he did not have the computer skills for the position.

11.   West did not select Roberts for the position because of his accent and his national origin.

12.   Defendant continued to interview for customer service representatives and hired persons with similar qualifications, but outside of Roberts' protected category.

13.   The effect of the practice(s) complained of in paragraphs seven (7) through twelve (12) above has been to deprive Derrick Roberts of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, Jamaican.

14.   The unlawful employment practices complained of above were intentional.

15.   The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Derrick Roberts.

- 3 -

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant West, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on national origin, including failing to hire employees and terminating employees based on national origin.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees without regard to national origin, and which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendant to make Derrick Roberts  whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D.  Order Defendant to make whole Derrick Roberts  by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs seven (7) through twelve (12)  above, including, but not limited to, any relocation expenses, job search expenses,  medical expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Derrick Roberts by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in paragraphs seven (7) through twelve (12)  above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F.  Order Defendant to pay Derrick Roberts punitive damages for its malicious and reckless conduct described in paragraphs seven (7) through twelve (12) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity    Commission
131 M Street, N.E.
Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

JULIE  BEAN
Supervisory Trial Attorney
D.C. Bar # 433292
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041

AARRIN GOLSON
Trial Attorney
FL Bar # 892491
Equal Employment Opportunity
Commission
Miami District Office
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2700
Miami, Florida 33131
(305)808-1873
(305)808-1835
aarrin.golson@eeoc.gov