UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

    **Plaintiff,**

v.                                              Case No. 3:10cv378/MCR/CJK

**WEST CUSTOMER MANAGEMENT**
**GROUP, LLC,**

    **Defendant.**
_____/

## ORDER

    This cause comes on for consideration upon the Magistrate Judge's Amended Report and Recommendation dated July 28, 2014.  (Doc. 307).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The Court has made a <u>de novo</u> determination of the timely filed objections and response (docs. 308, 310, 315).  Having fully considered the matter, the Court has determined that the Report and Recommendation should be adopted in part as modified herein.

    Accordingly, it is now **ORDERED** as follows:

    1.     The Magistrate Judge's Amended Report and Recommendation (doc. 307) is adopted and incorporated by reference in this Order, except in the following respects: The Report and Recommendation at one point confuses the Puerto Rican applicant with Applicant 10 in its discussion, but this does not impact the result.  As to the merits, the Court agrees with the Magistrate Judge that the case presented at trial, which did not include a comparator or other circumstantial evidence giving rise to an inference of discrimination based on national origin, was not sufficient to make out a *prima facie* case and in fact at that point was plainly frivolous for the lack of evidence supporting the claim.  The Court does not agree, however, that the case was patently frivolous from the outset.  Although the case was undeniably close, the record at summary judgment suggested the

existence of a Puerto Rican comparator, and there were disputed facts regarding the shifting reasons West gave for Roberts' termination in addition to testimony that Roberts' accent did not make his speech difficult to understand, all of which the Court was required to construe in Roberts' favor at that stage.  Recognizing that the EEOC prevailed at the summary judgment stage, the Court finds it is appropriate to award attorneys' fees only from the date of the pretrial conference, by which time the EEOC clearly would have known what evidence it intended to present at trial.  Thus, the Report and Recommendation is adopted subject to these modifications.

2. Defendant's Motion for Award of Attorneys' Fees and Nontaxable Expenses (doc. 278) is **GRANTED**.

3. Defendant is entitled to attorneys' fees and costs from the date of the pretrial conference through the conclusion of trial.

4. Defendant shall have twenty-one (21) days from the date of this Order in which to submit materials in support of its claim for attorneys' fees and nontaxable expenses.  The EEOC shall have fourteen (14) days thereafter in which to respond.

5. This matter is hereby remanded to the Magistrate Judge to conduct all further proceedings in the event the parties cannot agree on a reasonable award of costs.

**DONE AND ORDERED** this 8th day of September, 2014.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**