UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                          Case No. 3:10cv378/MCR/CJK

WEST CUSTOMER MANAGEMENT
GROUP, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In an amended Report and Recommendation entered on July 28, 2014, the undersigned recommended that plaintiff Equal Employment Opportunity Commission ("EEOC") be required to pay attorneys' fees and costs pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k). Doc. 307. The district judge adopted the recommendation subject to certain modifications and referred the matter to the undersigned to conduct all further proceedings in the event the parties could not agree on a reasonable award of costs. Doc. 316. After the district judge entered her order adopting and modifying the report and recommendation, defendant West Customer Management Group, LLC n/k/a West Business Solutions, LLC ("West") filed a supplemental motion for attorneys' fees and nontaxable expenses, seeking fees and expenses incurred in litigating the attorneys' fee issue. Doc. 319. That motion, as well as the amount of attorneys' fees and expenses to be awarded, is before the

undersigned for consideration. As with West's initial motion for attorneys' fees and nontaxable expenses, the EEOC vehemently opposes West's supplemental motion, contending the same was untimely filed, and also the amount of fees and expenses requested.

According to Local Rule 54.1 of the Northern District of Florida, motions for attorneys' fees "shall be filed and served within the time specified in the scheduling order entered in the case and as otherwise provided in Fed. R. Civ. P. 54(d)." The scheduling order entered in this case did not address motions for attorneys' fees and expenses; the Federal Rules of Civil Procedure thus control. According to Fed. R. Civ. P. 54(d)(2)(B)(i), "[u]nless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment."

West filed its initial motion for attorneys' fees and expenses within fourteen days of the entry of final judgment in its favor. West filed its supplemental motion within fourteen days of entry of the district judge's order adopting the undersigned's report and recommendation regarding attorneys' fees and expenses. The EEOC argues that West was required to file any motion for attorneys' fees within fourteen days of the entry of judgment and that because it did not file its supplemental motion within that time, it should be stricken or denied. The undersigned is not persuaded by the EEOC's position, which has been rejected by the Eleventh Circuit.

In *Villano v. City of Boynton Beach*, 254 F.3d 1302 (11th Cir. 2001), the Eleventh Circuit addressed whether supplemental hours submitted after the entry of judgment should have been included in the attorneys' fee award. The local rule at issue in that case required motions for attorneys' fees and costs to "be filed and served within 30 days of entry of Final Judgment or other dispositive order." *Id.* The court held that, "[i]n order to preserve the statutory right to fees and costs," the rule had to be construed to "allow supplements to be filed within 30 days after the entry

Case No: 3:10cv378/MCR/CJK

of a post-judgment order ruling on a post-judgment motion." *Id.* at 1310. The court cautioned that it "would find a rule that eviscerated a statutory right to fees and costs in conflict with federal law." *Id.* at 1309. Under this court's local rule, interpreted in the manner prescribed by the Eleventh Circuit, West had fourteen days after entry of the district judge order's adopting the Report and Recommendation in which to file its supplemental motion for attorneys' fees. Because West filed its motion within that time, it was timely.

As to the substance of West's motion, Local Rule 54.1 outlines the procedure to be followed with respect to motions for attorneys' fees. Pursuant to Rule 54.1,

> [i]n any proceeding in which any party is seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys' fees shall:
> (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and
> (2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.
> * * *
> (5) Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.

Local Rule 54.1(B). Once the court has awarded fees, the party to whom such fees were awarded shall file "an affidavit setting out the requested amount and specifically describing the requested rate of compensation and the numbers of hours spent in the prosecution or defense of the case as are reflected in the monthly reports filed with this court, with sufficient detail to identify the exact nature of the work performed."

Case No: 3:10cv378/MCR/CJK

N.D. Fla. Loc. R. 54.1(E)(1). The party awarded fees must also "file and serve a supporting affidavit from an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed." N.D. Fla. Loc. R. 54(E)(3).

With regard to the amount of fees and expenses requested in this case, limited by the district judge to fees and expenses incurred after the date of the pretrial conference, the undersigned finds that West complied with Local Rule 54.1. Indeed, West submitted an affidavit from its counsel, Julie A. Springer, setting forth her credentials, as well as those of the other lawyers and paralegal involved; the number of hours spent by the attorneys and paralegal; the hourly rates; and the nontaxable costs incurred. According to the billing records, West's counsel spent 259.1 hours from January 17, 2014, the date of the pretrial conference, through January 31, 2014, the conclusion of trial, and incurred $7,319.67 in nontaxable expenses during that time. As for the rates, West requests that Ms. Springer and Geoffrey D. Weisbart be compensated at a rate of $350.00 per hour, that Bane Phillippi be compensated at a rate of $275.00 per hour, and that Salena Yzaguirre, a paralegal, be compensated at a rate of $135.00 per hour. West submitted an affidavit from Michael J. Schofield, a local attorney who has practiced law for over thirty years representing clients in a variety of matters, including labor and employment disputes. Mr. Schofield affirmed the reasonableness of the rates charged by West's counsel.

The well-established lodestar method guides a determination of the reasonableness of attorneys' fees. This method is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar

Case No: 3:10cv378/MCR/CJK

services by lawyers of reasonably comparable skills, experience, and reputation.'"[1] *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996) (quoting *Norman*, 836 F.3d at 1299). In calculating the number of hours reasonably expended on the litigation, the court should exclude excessive, unnecessary, and redundant hours, as well as time spent litigating "discrete and unsuccessful claims." *Duckworth*, 97 F.3d at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d 1292 at 1303. With respect to rates, an applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Eleventh Circuit has noted that "the court ... is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation omitted).

Based on the undersigned's knowledge and experience, having made and reviewed fee awards for twenty-four years, as well as Mr. Schofield's affidavit, the undersigned finds both the hours and rates requested by West to be reasonable. The undersigned likewise finds the costs reasonable. In so finding, the court notes the contentious nature of this litigation, instituted by the federal government with its

---

[1] To aid in the determination of an attorney's reasonable hourly rate, the court may also consider, to the extent relevant, the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Id.* at 717. The going rate in the community, however, is the most critical factor in setting the fee rate. *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir.1990).

Case No: 3:10cv378/MCR/CJK

unlimited resources in a seeming attempt to punish and make an example of West. The EEOC has conducted itself throughout these proceedings in an unusually aggressive, if not vexatious, manner. The EEOC's response to West's motion is yet another example of these tactics. In its response, the EEOC scoffed at West's expert, a well-respected local attorney who testified to the reasonableness of the rates West requested. The EEOC opposed those rates even though its own expert did not find them unreasonable and, instead, suggested "more appropriate" rates that are not significantly lower than those requested by West. The EEOC criticized West for having more than one attorney at trial despite the fact that three attorneys and a paralegal attended the trial on the EEOC's behalf. The EEOC opposed West's recovery of fees for travel time on the basis that West could have retained local counsel; notably, however, the EEOC used counsel from out of state. Considering the circumstances of this case, the undersigned finds the fees and expenses requested by West to be abundantly reasonable.

Accordingly, it is respectfully RECOMMENDED as follows:

1.   That West be awarded $90,541.50 in attorneys' fees and $7,319.67 in nontaxable expenses incurred from the date of the pretrial conference through the conclusion of the trial.

2.   That Defendant's Supplemental Motion for Award of Attorneys' Fees and Nontaxable Expenses (doc. 319) be GRANTED.

3.   That West be allowed twenty-one (21) days in which to submit materials in support of its claim for attorneys' fees and nontaxable expenses incurred in litigating the attorneys' fee issue and that the EEOC be allowed fourteen (14) days thereafter in which to respond.

4.   That the matter be remanded to the undersigned to conduct all further proceedings regarding the issue of attorneys' fees and nontaxable expenses.

Case No: 3:10cv378/MCR/CJK

At Pensacola, Florida, this 24th day of March 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).