UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                Case No. 3:10cv378/MCR/CJK

WEST CUSTOMER MANAGEMENT
GROUP, LLC,

    Defendant.
_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation ("R&R") dated March 24, 2015. (Doc. 331). The parties have been furnished a copy of the R&R and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has made a *de novo* determination of Plaintiff Equal Employment Opportunity Commission's ("EEOC") timely filed objections (*see* docs. 332, 333) and has reviewed Defendant West Customer Management Group, LLC's ("West") response (doc. 324). Having fully considered the matter, the Court finds that the objections should be overruled and the R&R adopted.

The EEOC asserts that the R&R does not reflect a "conscientious and detailed inquiry" and argues that the number of hours billed are not reasonable.[1] The Court disagrees. To determine the hours reasonably expended, the Court must consider "the number of hours actually spent and subtract hours that are excessive, duplicative, unproductive, or otherwise unnecessary." *See In re Application to Adjudge Trinity Indus., Inc.*, 876 F.2d 1485, 1495 (11th Cir. 1989) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1982)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are

---

[1] The EEOC does not object to the rates charged.

'excessive, redundant, or otherwise unnecessary.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434). Despite the absence in the R&R of a line-by-line review of the hours billed addressing each of the Plaintiff's arguments, the Magistrate Judge expressly rejected the EEOC's arguments regarding West's expert affidavit, the rates and hours billed, the fact that West used more than one attorney during the trial, and the EEOC's objection to compensating for attorney travel time. It is evident from the R&R that the Magistrate Judge considered the evidence presented regarding attorney's fees incurred, the hours billed, and the rates charged, as well as the expert affidavit, and applied the lodestar method to determine the award. The R&R explains that the 259.1 hours claimed were billed at a rate of $350 per hour for Attorney Springer's 108.1 hours; $350 per hour for Attorney Weisbart's 111.1 hours; $250 per hour for Attorney Phillippi's 4.5 hours; and $135 per hour for Paralegal Yzaguirre's 35.4 hours. *See Norman Housing Auth. of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1998) (requiring courts to articulate the decisions made with principled reasons and also to show their calculations). The Magistrate Judge found the requested rates and hours reasonable based on the expert affidavit and his own knowledge and experience, and accordingly awarded $90,541,50 for attorney's fees plus $7,319.67 in nontaxable expenses incurred from January 17, 2014, through January 31, 2014. *See id.* at 1303 (stating the court is itself an expert on the issue of attorney's fees based on the judge's own knowledge and experience). The Magistrate Judge also took into consideration "the contentious nature of this litigation" and observed that the EEOC's conduct throughout these proceedings has been "unusually aggressive, if not vexatious."

The EEOC objects to a total of 141.4 hours of the awarded attorney's fees, arguing this amount should be subtracted on grounds that the billings lack specificity and reflect clerical tasks or billing for excessive, duplicative, unproductive or unnecessary work.[2] After careful review and for the following reasons, the Court disagrees. First, although attorney's

---

[2] The EEOC complains of the following hours: 1.4 hours billed for clerical tasks performed by attorneys; 28.6 hours allegedly excessive, redundant, or unnecessary; 11.9 hours that appear duplicative; 52.1 hours as unnecessary spent on matters already excluded by the court or travel time; a 13 hour block billing; and 34.4 hours billed as paralegal work but performing tasks not typically performed by an attorney.

fee rates should not be charged for clerical tasks or work that is unnecessary, excessive or duplicative,[3] the 1.4 hours that the EEOC objects to as clerical included tasks such as emailing witnesses and preparing for witness meetings, which are not strictly clerical in nature and therefore will not be reduced as unreasonable.  As to 28.6 hours that the EEOC asserts were excessive, redundant or unnecessary, the Court finds no principled reason to exclude them.  These entries include tasks appropriately categorized as trial preparation or hours billed for reviewing and preparing a direct examination of a witness called by the EEOC.  The EEOC claimed that the time was unnecessary or excessive trial preparation, but in light of the contentious nature of this jury trial, the Court disagrees.  Hours reasonably attributable to the attorneys being adequately prepared for that trial will not be disallowed.  The Court rejects as lacking merit the EEOC's objection to Attorney Wiesbart's 13 hours of "block billing," and finds it was not unreasonable to categorize trial preparation as a single task in this manner.  Likewise, the Court finds no basis for the EEOC's assertion that 11.9 hours of Wiesbart's preparation were duplicative.  Defendant acted within reason in retaining more than one attorney for trial; employing multiple lawyers in this type of case is not unusual or excessive.  *See Johnson v. Univ. College of  Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983).

Similarly, 7.5 hours billed by Attorneys Phillipi and Springer for researching an issue on which the Court requested authority during trial are reasonable, despite the EEOC's contention that the topic was related to a prior in limine order and more than one attorney engaged in the research, *see, e.g. id.*, especially in light of the EEOC's decision to overly complicate matters by continuing to pursue a baseless claim at all costs through the conclusion of a jury trial after it should have been clear (by the time of the pretrial conference) that the evidence did not support the claim.

The EEOC objects to 34.4 hours of paralegal time billed for tasks it asserts should not qualify as work traditionally done by an attorney.  The paralegal in this instance assisted at trial and performed tasks such as background reports and exhibit preparation.

---

[3] *See generally, Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) (noting that "double dipping" cannot be condoned and that "Michaelangelo should not charge Sistine Chapel rates for painting a farmer's barn").

The Court finds the hours to be reasonable.

The EEOC also objects to West's claim of 44.6 billable hours for two attorneys' travel time. The Eleventh Circuit has found that "excluding out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel." *Id.* at 1208. Also, "district courts in this Circuit have regularly held that reasonable travel time is compensable at a regular hourly rate." *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1290 (S.D. Fla. 2000) (stating). Here, West voluntarily reduced this cost by billing fewer hours and charging only half of the attorney's fee rate for the travel time claimed.[4] Although the Court has no doubt there were local attorneys qualified to handle this case, there are no grounds for finding West acted unreasonably in relying on two experienced out-of-state attorneys, one of whom has worked on its employment matters for twenty years, and the Court finds no basis for further reducing the half-rate billed.

The EEOC argues that West is not entitled to non-taxable costs that are not properly itemized and customarily charged to fee-paying clients—$5,976.44 related to travel and lodging for non-local counsel (specifically consisting of $1,644 as the cost of airfare for Attorneys Weisbart and Springer; $3,058.58 as lodging; and $389.17 for their car rental); $884.69 for the costs of shipping materials from Texas to Pensacola by federal express; and $1,343.23 for photocopying and document preparation. The Court finds these out-of-pocket expenses reasonable and sufficiently itemized for purposes of determining nontaxable costs. *See generally, Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (allowing reasonable out-of-pocket expenses to be recovered); *see also Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1188-89 (11th Cir. 1983) (stating that "[w]here cost-shifting is expressly authorized by statute, the traditional limitations of Rule 54(d) and 28 U.S.C. §§ 1920 and 1923(a) do not apply."). The Court agrees with the Magistrate Judge's determination of reasonable nontaxable costs.

Accordingly:

1. The EEOC's objections are **OVERRULED** and the Magistrate Judge's Report

---

[4] The billing records show travel time billed for 50.1 hours but West claims only 44.6 billable hours for travel. The billing time sheets further reflect that hearing and trial preparation work was done during 16.1 of the travel hours but still, the attorneys charged only half their usual rate.

and Recommendation (doc. 331) is **ADOPTED** and incorporated by reference in this Order.

2. West is awarded $90,541.50 in attorneys' fees and $7,319.67 in nontaxable expenses incurred from the date of the pretrial conference through the conclusion of the trial.

3. The Defendant's Supplemental Motion for Award of Attorneys' Fees and Nontaxable Expenses (doc. 319) is **GRANTED**.[5]

4. The parties have fourteen (14) days to confer and attempt to agree regarding the amount of West's supplemental fees. If no agreement is reached, West has twenty-one (21) days from the date of this Order to submit materials in support of its claim for supplemental attorneys' fees and nontaxable expenses incurred in litigating the attorneys' fee issue. The EEOC has fourteen (14) days thereafter to respond.

5. The matter is remanded to the Magistrate Judge to conduct all further proceedings regarding the issue of attorneys' fees and nontaxable expenses.

**DONE AND ORDERED** this 15th day of June, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[5] The Magistrate Judge recommended granting the motion, and the EEOC did not object to this recommendation.

*Case No. 3:10cv378/MCR/CJK*