UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                   Case No. 3:10cv378/MCR/CJK

WEST CUSTOMER MANAGEMENT
GROUP, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In a Report and Recommendation entered on March 24, 2015, the undersigned recommended that plaintiff Equal Employment Opportunity Commission ("EEOC") be required to pay attorneys' fees in the amount of $90,541.50 and nontaxable expenses in the amount of $7,319.67 incurred by defendant West Customer Management Group, LLC ("West") from the date of the pretrial conference through the conclusion of trial, which resulted in a verdict favorable to West (doc. 331). The undersigned also recommended that Defendant's Supplemental Motion for Award of Attorneys' Fees and Nontaxable Expenses (doc. 319) be granted and that the EEOC be required to reimburse West the reasonable fees and expenses it incurred post trial in litigating the attorneys' fee issue. The district judge adopted the recommendation over the EEOC's objections (doc. 337). As directed in the order, West submitted

affidavits in support of its claim, seeking supplemental attorneys' fees in the amount of $71,902.00 and nontaxable expenses in the amount of $2,077.33 (docs. 338, 339, 340). The EEOC responded in opposition to West's submissions, urging the court to reduce West's supplemental attorneys' fees by seventy-five percent and disallow any nontaxable expenses, every bit of which the EEOC maintains are unreasonable (doc. 343).[1]

Local Rule 54.1 outlines the procedure to be followed with respect to motions for attorneys' fees. Pursuant to Rule 54.1,

> [i]n any proceeding in which any party is seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys' fees shall:
> (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and
> (2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.
> * * *
> (5) Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.

Local Rule 54.1(B). Once the court has awarded fees, the party to whom such fees were awarded shall file "an affidavit setting out the requested amount and specifically

---

[1] The EEOC points out that West's "current request represents an amount nearly as much as that allegedly incurred by Defendant for the actual litigation of this case" and argues that West "provides no compelling reason to support an expenditure of over 200 attorney hours and assignment of four (4) attorneys on a single, discrete attorney fee issue." As West stated in response, the period of time for which it previously received fees and expenses, from the pretrial conference through trial, consisted of only two weeks. The parties have been litigating the attorneys' fees issue for nearly a year and a half.

Case No: 3:10cv378/MCR/CJK

describing the requested rate of compensation and the numbers of hours spent in the prosecution or defense of the case as are reflected in the monthly reports filed with this court, with sufficient detail to identify the exact nature of the work performed." N.D. Fla. Loc. R. 54.1(E)(1). The party awarded fees must also "file and serve a supporting affidavit from an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed." N.D. Fla. Loc. R. 54(E)(3).

The reasonableness of attorneys' fees is determined according to the well-established lodestar method, pursuant to which an award of attorneys' fees is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"[2] *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (*quoting Norman*, 836 F.3d at 1299). In calculating the number of hours reasonably expended on the litigation, the court should exclude excessive, unnecessary, and redundant hours, as well as time spent litigating "discrete and unsuccessful claims." *Duckworth*, 97 F.3d at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d 1292 at 1303. With respect to rates, an applicant may meet

---

[2] To aid in the determination of an attorney's reasonable hourly rate, the court may also consider, to the extent relevant, the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Id.* at 717. The going rate in the community, however, is the most critical factor in setting the fee rate. *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir.1990).

Case No: 3:10cv378/MCR/CJK

its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Eleventh Circuit has noted that "the court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation omitted).

West has complied with Local Rule 54.1 with respect to its claim for supplemental attorneys' fees and expenses. West submitted an affidavit from its counsel, Julie A. Springer, setting forth her credentials as well as those of the other lawyers and paralegals involved, the number of hours spent by the attorneys and paralegals, the hourly rates, and the nontaxable expenses incurred. According to Ms. Springer's affidavit, West's counsel spent a total of 245.30 hours on post-trial issues, with an additional 21.8 hours of travel time billed at half-rate, generating a total of $71,902.00 in fees. West incurred $2,077.33 in nontaxable expenses. As for the rates, West requests that Ms. Springer and Geoffrey D. Weisbart be compensated at a rate of $350.00 per hour for 69.10 and 26 hours of work, respectively; that Sara Janes be compensated at a rate of $275.00 per hour for 84.70 hours of work; that Nicole LeFave be compensated for 25.40 hours of work at a rate of $240.00 per hour; and that two paralegals, Salena Yzaguirre and Jan Blair, be compensated at a rate of $135.00 per hour for 31.80 and 8.30 hours, respectively. West submitted an affidavit from Michael J. Schofield, a local attorney who has practiced law for over thirty years representing clients in a variety of matters, including labor and employment disputes. Mr. Schofield affirmed the reasonableness of the rates charged by West's counsel, a finding the EEOC does not challenge. It is the number of hours for which West seeks reimbursement that the EEOC disputes.

Case No: 3:10cv378/MCR/CJK

As the EEOC points out, "[f]ee applicants must exercise what the Supreme Court has termed 'billing judgment.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983)). "That means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary [hours], which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.* (internal marks and citations omitted). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* "Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." *Id.*

The EEOC urges the court to drastically reduce the amount of attorneys' fees and expenses awarded to West, arguing West's counsel failed to exercise billing judgment. Specifically, the EEOC argues that "given the simple and discrete issue at litigation, i.e., attorneys' fees, Defendant's request for reimbursement for a total of 205.20 hours should be greatly discounted," particularly the 110.10 hours of work performed by non-lead attorneys, Sara Janes and Nicole LeFave, which the EEOC claims is duplicative of work performed by Springer and Weisbart. According to the EEOC, "neither of these attorneys have ever entered an appearance in this matter, nor have they signed off, or been listed on any pleadings filed with the Court. It does not appear that Janes and LaFave played any significant or identifiable role in this

litigation and it is only now, in support of its excessive fee request, that West identifies them as staff assigned to the case." Under the circumstances, according to the EEOC, in order to recover for Janes' and LaFave's time, West needed to establish that the two possessed "specialized knowledge or experience that warranted their involvement in the litigation on fees." The EEOC avers "there is no clear distinct contribution among any of the research and writing tasks billed by any of the four attorneys and the Court should not permit recovery of these hours." In addition, the experience and expertise of Springer and Weisbart in Title VII litigation, including attorneys' fees, "should have resulted in a minimization of the number of hours necessary to prepare for briefing and argument for fees against the Commission. Yet it appears that for this single issue Defendant 'doubled up' on attorneys." In sum, the EEOC argues, West "fails to establish the necessity of four attorneys to work on supplemental fee motion or stated alternatively, nothing about the fee issue at litigation should have warranted the involvement of more than two attorneys with combined experience of over 50 years."[3]

The undersigned finds it entirely reasonable that four attorneys – two partners and two associates – would work on the attorneys' fees issue in this case, particularly given the amount at stake and the unusually contentious nature of the litigation. The undersigned likewise finds the number of hours reasonable. Based on the history of this litigation, West has every reason to expect that the EEOC will vehemently oppose anything West files; under the circumstances, it is entirely reasonable for West to err on the side of caution. Moreover, although the EEOC argues that the associates performed work repetitive of work performed by Springer and Weisbart, it does not identify any time entry to substantiate this charge. It also has wholly failed

---

[3] The EEOC does not mention that it, the leading expert on employment litigation, had five attorneys working on the attorneys' fee issue.

Case No: 3:10cv378/MCR/CJK

to demonstrate that attorneys must formally appear in a matter in order to work on the case, and the undersigned is aware of no such rule. In fact, in the undersigned's experience, attorneys, particularly associates, routinely work on – and bill for – cases in which they have not formally appeared. Similarly, although the EEOC suggests that attorneys must have specialized knowledge or expertise in a field in order to be compensated for their work in that regard, it has offered no support whatsoever for such a proposition. The undersigned thus finds that no reduction should be made with respect to the hours billed by Janes and LaFave.

The EEOC next argues that West improperly seeks to recover for 3.7 hours billed by Springer for work related to briefing the issue of supplemental attorneys' fees. According to the EEOC, "[b]y including these activities in its motion for supplemental fees, Defendant is attempting to recover for a third category of fees not contemplated by the Court's Order," which the EEOC maintains "held that West was entitled to recover for the fees it incurred in attempting to recover its original litigation fees – 'fees on fees.'" The EEOC states that "[t]his Court . . . did not find that West was entitled to recover for the fees that West incurred in attempting to secure its "'fees on fees.'" The EEOC seems to have misinterpreted the court's order. Indeed, Chief Judge Rodgers explicitly found that West was entitled to recover "supplemental attorneys' fees and nontaxable expenses incurred in litigating the attorneys' fee issue." Doc. at pg. 5. In so finding, Judge Rodgers noted that the undersigned recommended granting Defendant's Supplemental Motion for Award of Attorneys' Fees and Nontaxable Expenses and the EEOC did not object to the recommendation. In its supplemental motion, West specifically requested "reasonable attorneys' fees and non-taxable expenses for its post-trial efforts litigating the fee issue . . . . " Doc. 319 at pg. 1. The court thus will not disallow the 3.7 hours Ms. Springer spent briefing the supplemental fee issue.

Case No: 3:10cv378/MCR/CJK

The EEOC next argues that West improperly seeks to recover for 4.8 hours of attorney time that was spent on "clerical" tasks. The time entries to which the EEOC refers consist primarily of email and telephone communications and preparation and review of court filings in connection with West's motion for supplemental fees. As Judge Rodgers found with respect to West's initial motion for attorneys' fees, "attorney's fee rates should not be charged for clerical tasks or work that is unnecessary, excessive or duplicative," but "tasks such as emailing witnesses and preparing for witness meetings . . . are not strictly clerical in nature and therefore will not be reduced as unreasonable." Doc. 337 at pp. 2-3. The same is true of emails and other correspondence with local counsel or potential local counsel, preparation and review of court filings, and the other entries pertaining to preparation of West's fee request to which the EEOC objects. The undersigned therefore declines to reduce West's fee request by 3.7 hours of work the EEOC characterizes as clerical in nature.

The EEOC further argues that West improperly seeks to recover 12.1 hours for work that is not traditionally done by an attorney. As the EEOC states, paralegal fees are recoverable only to the extent the paralegal performs work traditionally done by an attorney. *See, e.g., Gowen Oil Co., Inc. v. Abraham*, 511 F. App'x 930, 936 (11th Cir. 2013). The EEOC argues that the billing records of Yzaguirre and Blair include multiple entries for work that has been found to be typically performed by legal assistants and paralegals, not attorneys, including communications or preparation of correspondence regarding court dates, logistic arrangements, and filings. The entries to which the EEOC objects include the following:

| DATE | PERSON | DESCRIPTION OF SERVICES | HOURS |
|---|---|---|---|
| 2/4/2014 | SEY | Confirm deadline to file motion for an award of attorneys' fees, per FRCP 54d (.1) | .1 |

Case No: 3:10cv378/MCR/CJK

| Date | Initials | Description | Hours |
|---|---|---|---|
| 2/12/2014 | SEY | Review and redact time record for filing with court (.4); draft, revise and finalize Attorney and paralegal Time Reports Filed Under Seal and Notice of Filing Same (.6); exchange mail with court clerk re court's preference on whether to destroy or return trial exhibits, with permission (.2) | 1.2 |
| 2/13/2014 | SEY | Review local rules re deadline to file Bill of Costs (.2); email vendors to request copies of invoices for expenses incurred in support of Bill of Costs (.5); review financial documents and invoices and pull all relevant documents in support of Bill of Costs (1.0) | 1.7 |
| 2/14/2014 | SEY | Continue to email vendors, including court reporters, process servers, copy services, hotel and former law firm to collect all invoices from inception of case to support Bill of Costs (.9); telephone conference with court clerk to request court costs paid by West and whether we can supplement Bill of Costs with Invoices (.3); create spreadsheet of all expenses from inception of case and categorize expenses type (1.2) | 2.4 |
| 2/18/2014 | SEY | Draft, review and finalize Declaration of J. Springer in Support of Motion for Attorneys' Fees (.7) | .7 |
| 2/24/2014 | SEY | Review applicable local rules re deadline to respond to objections and send email regarding same (.3) | .3 |
| 3/18/2014 | SEY | Review and redact time record in preparation for submission to the court (.4); prepare and finalize Attorney and Paralegal Time Report Filed Under Seal and Notice of Same (.7) | 1.1 |

Case No: 3:10cv378/MCR/CJK

| Date | Initials | Description | Hours |
|---|---|---|---|
| 3/19/2014 | SEY | Draft initial version of Declaration of J. Springer to Motion (.4) | .4 |
| 4/3/2014 | JMB | Review local rules and confirm deadline (.2); prepare email to J. Springer re deadline and communications with M. Schofield (.1) | .3 |
| 4/14/2014 | JMB | Confer with Court re timing of affidavit filings and prepare email re same | .2 |
| 5/13/2014 | SEY | Review email communication with court re oral argument on West's Motion for Attorneys' Fees (.1); confirm court date re same (.1) | .2 |
| 5/28/2014 | SEY | Exchange email with clerk re time allotted for hearing on docket and report same to J. Springer (.1) | .1 |
| 6/2/2014 | SEY | Telephone call from Donna Boland re status of transcript of Pam Thomas' testimony and report same to G. Weisbart (.2); review transcript (.2) | .4 |
| 6/3/2014 | SEY | Review notice of Filing Transcript of Trial Testimony of Pamela Thomas and Redaction Requirements (.1) | .1 |
| 6/16/2014 | SEY | Review and redact time record for submission to the court (.3); prepare and finalize Attorney and Paralegal Time Records Under Seal and Notice of Filing Same (.7) | 1.0 |
| 7/15/2014 | SEY | Review and redact time record for submission to the court (.4); prepare and finalize Attorney and Paralegal Time Records Under Seal and Notice of Filing Same (.7) | 1.1 |
| 7/28/2014 | JMB | Review Order and confirm deadlines | .2 |

Case No: 3:10cv378/MCR/CJK

| 8/8/2014 | JMB | Confer with Court clerk re timing for response given the EEOC's objection (.1); prepare email update re timing (.1); research local rules re additional magistrate deadlines and timing for response to objections (.2); confirm deadlines (.2) | .6 |

The undersigned agrees that some of the paralegal time entries for which West seeks to recover fees in fact reflect work not traditionally performed by an attorney and thus should be disallowed. Those entries include the following: the February 12, 2014 entry; all but the portion of the February 13, 2014 entry that pertains to reviewing the local rules; the February 14, 2014 entry; the March 18, 2014 entry; the April 3, 2014 entry except for the portion pertaining to review of local rules and confirming a deadline; the April 14, 2014 entry; the May 13, 2014 entry; the May 28, 2014 entry; the June 2, 2014 entry except for the portion pertaining to reviewing the transcript of Pam Thomas' testimony; the June 16, 2014 entry; the July 15, 2014 entry; and the August 8, 2014 entry except for the portion that pertains to reviewing the local rules. Altogether, the undersigned concludes that reduction of 8.8 hours, or $1,228.50, is appropriate.

The EEOC next complains that West seeks reimbursement for 21.8 hours related to travel of Weisbart and Springer. Again, as Judge Rodgers indicated, "'[t]he Eleventh Circuit has found that 'excluding out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel.'" Doc. 337 at pg. 4 (*quoting Johnson v. Univ. College of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983)). Moreover, "'district courts in this Circuit have regularly held that reasonable travel time is compensable at a regular hourly rate.'" *Id.* (*quoting George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1290 (S.D. Fla. 2000)). Although there are local attorneys qualified to handle this case, the undersigned finds, as did Judge

Rodgers, that "there are no grounds for finding West acted unreasonably in relying on two experienced out-of-state attorneys, one of whom has worked on its employment matters for twenty years." Doc. 337 at pg. 4. It also is worth noting that West's counsel charged only half-rates for travel time. The undersigned thus cannot agree that the court should disallow fees for attorney travel time.

Finally, the EEOC contests all of the expenses claimed by West. Despite both the undersigned and Judge Rodgers having found such expenses reasonable, the EEOC argues that West should not be allowed to recover the travel/lodging expenses its counsel incurred in attending the hearing on West's motion for attorneys' fees in the amount of $1,778.58 or Federal Express charges in the amount of $172.65. West has abandoned its claim for the Federal Express charges because it has been unable to obtain a legible receipt. Having already determined that use of experienced, non-local counsel was not unreasonable, the undersigned will find the attorney travel/lodging expenses reasonable. The last expense West seeks to recover is $126.10 paid to a court reporter for a transcript of certain trial testimony West used in support of its motion for attorneys' fees. The EEOC objects to the extent West seeks to recover for the "delivery, shipping, or handling" of the transcripts, which it argues is an ordinary business expense and thus is not recoverable. The EEOC does not dispute that costs of ordinary deposition transcripts are recoverable. Moreover, it acknowledges that the cost of expedited transcripts is recoverable when it was necessary to have the request expedited and necessary to the case. *See, e.g., Barrera v. Weiss & Woolrich So.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (noting that costs for deposition transcripts necessarily obtained for use in a case are recoverable under 28 U.S.C. § 1920(2)). The EEOC argues, however, that West has failed to demonstrate that expedited delivery was necessary in this instance. The undersigned finds the transcript necessary to West's case but is not convinced expedited delivery

Case No: 3:10cv378/MCR/CJK

was required. West therefore shall recover the cost of the deposition transcript at the regular rate of $3.65 per page, or $94.90.[4]

Accordingly, it is respectfully RECOMMENDED as follows:

1.  That West be awarded an additional $70,673.50 in attorneys' fees and $1,873.48 in nontaxable expenses incurred in litigating post-trial issues.

2.  That the EEOC be required to submit payment in that amount to West, through its counsel, within fourteen (14) days of the date of the court's order adopting this report and recommendation.

At Pensacola, Florida, this 23rd day of October, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[4] Donna Boland, the court reporter who prepared the transcript at issue, works for the court. She confirmed the cost of ordinary transcripts.

Case No: 3:10cv378/MCR/CJK