## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

      **Plaintiff,**

**v.**                                   **Case No. 3:10cv378/MCR/CJK**

**WEST CUSTOMER MANAGEMENT**
**GROUP, LLC,**

      **Defendant.**

_____/

## ORDER

Pending is the Magistrate Judge's Report and Recommendation ("R&R") dated October 23, 2015, ECF No. 358. The parties have been furnished a copy of the R&R and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has carefully reviewed the objections de novo, and finds that the Magistrate Judge's R&R is due to be adopted in part and rejected in part.

The Equal Employment Opportunity Commission ("EEOC") raises the same objections here as it raised before the Magistrate Judge. In general, the EEOC argues

that Defendant West Customer Management Group, LLC ("West") unreasonably added two attorneys to litigate the fee issue, Attorney Sara Janes (at $275 per hour) and Attorney Nicole LeFave (at $240 per hour), for whom West billed 110.10 hours. The EEOC objects that this billing is duplicative of work performed by lead attorneys Julie Springer and Geoff Weisbart.  Additionally the EEOC disputes the existence of a "clear, distinct contribution among any research and writing tasks billed by any of the four attorneys."  ECF No. 360, at 5.  The Court has carefully reviewed all entries and finds that, although a minimal amount of overlap exists, the vast majority of the fees are not duplicative.

Where multiple attorneys have each made a "distinct contribution" to the case, there is support for awarding fees for multiple attorneys, unless "the attorneys are *unreasonably* doing the *same* work" and doubling the billings. *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Circ. 1983), *cert. denied*, 464 U.S. 994 (1983). The time records in this case reflect that in almost every respect, West carefully limited its billing to avoid duplication among the attorneys.  The records demonstrate that each attorney made distinct contributions to the fee litigation, such as Janes and LeFave's contributions to research and drafting, whereas the lead attorneys reviewed case law and revised and edited the drafts.  Thus, Janes and LeFave contributed and were not unreasonably doing the *same* work as Springer and

Weisbart.[1] The EEOC also argues that because the litigation involved only a "simple

discreet issue," additional attorneys were not required.  This assertion ignores the

efficiency West achieved by billing most of the research and writing tasks at a lower

rate than if the lead attorneys had done all of the work.  *See, e.g., Dowdell v. City of

Apopka, Fla.*, 698 F.2d 1181, 1188 (11th Cir. 1983) (noting that to the extent work

is not overlapping, "[a]ll attorneys who contribute their services to a case may be

awarded reasonable attorneys' fees).  That said, the records reflect that a minimal

amount of time was billed by multiple attorneys for attending certain meetings

together and preparing and reading emails to each other, which must be subtracted.[2]

The award will be reduced by $1,474.  *See* Note 2.

      The EECO also objects to 4.8 hours billed as attorney work that the EEOC

---

[1]  As one example, on 10/13/14 Janes billed West for 0.9 hours to "Review and revise
response to EEOC's motion to strike, including incorporating edits from J. Springer." EFC No. 360,
at 9.  Other entries show that although Janes and LeFave were researching, the lead attorneys were
*reviewing* case law and revising or editing drafts.  This clearly shows collaboration and not
duplication, as argued by the EEOC.

[2]  Duplicative hours include: LeFave and Janes meeting with Weisbart on 8/11/14, billing 0.3
hours each and LeFave and Janes meeting with Springer on 8/18/14, billing 0.8 hours each; Janes
meeting with Springer and each billing for the time on 5/14/14 (0.2 hours), 8/27/14 (0.5 hours),
10/7/14 (0.5 hours), and 10/30/14 (0.2 hours).  Also duplicative hours include Janes meeting with
Weisbart and each billing for the time on 6/2/14 (0.7 hours) and 10/22/14 (0.3 hours). This totals 4.6
hours, representing $1,226.50 (3.5 hours for Janes, at $275 per hour, plus 1.1 hours for LeFave, at
$240 per hour). The EEOC also objected to entries in which Janes billed for reading or drafting
emails between herself and co-counsel, which appears duplicative of other attorneys billing for
reading or responding to the same emails, entered on 2/4/14 (0.2 hours), 8/27/14 (0.4 hours),
10/10/14 (0.1 hours) and 10/24/14 (0.2 hours). This totals 0.9 hours at Janes's rate of $275 dollars
per hour, for a total of $247.50.  Together, these duplicative billings add up to $1,474 ($1,226.5 +
$247.50).

Case No: 3:10cv378/MCR/CJK

considers clerical and 12.1 paralegal hours that the EEOC argues do not qualify as work traditionally performed by an attorney. The Court agrees with Magistrate Judge's determination that the work referenced as "clerical," which included emails and telephone conferences to retain local counsel and prepare the required fee affidavits, was not purely clerical in nature but consisted of reasonable and necessary legal tasks, and thus the fee award will not be reduced for this reason.  Nonetheless, the Court agrees with the EEOC that the two mathematical errors it identified should be corrected.  *See* ECF No. 360, at 17 n.6 & n.9.  This results in a reduction of $420 (1.2 hours billed at Springer's $350 rate).  As to EEOC's objection that the paralegal hours should be reduced, the R&R reflects that the Magistrate Judge already reduced the referenced 12.1 paralegal hours by 8.8 hours, and the Court agrees that this is an appropriate correction to eliminate billing for work that is not traditionally done by an attorney.  No further reduction is necessary.

The EEOC argues that West's claim for travel time and costs incurred by out-of-state counsel litigating the fee issue was unreasonable given the availability of qualified local counsel. The Court disagrees.  It is reasonable to use experienced out-of-state counsel, and "excluding out-of-town counsel's travel time is proper only if it was unreasonable to not hire qualified local counsel." *Johnson*, 706 F.2d at 1208. The Court has previously determined that it was not unreasonable to hire the out-of-

state counsel in this case, *see* ECF No. 337, and there is no reason to conclude differently with regard to litigation of the attorneys' fees matter.  Also, West reasonably billed the travel time at half rate.  Therefore, these entries and costs will not be reduced.

Finally, the EEOC objects to 3.7 hours billed by Attorneys Springer and Weisbart for work in briefing the supplemental attorneys' fees on grounds that the Court did not award fees on fees.  Fees incurred in preparing the motion for attorneys' fees and costs are ordinarily compensable where fees are allowed to a prevailing party by statute, *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003), and here, the Court expressly awarded fees incurred in litigating the attorneys' fee issue, which continues through the supplemental fee award.  Additionally, West exercised billing discretion by not charging all of the fees incurred in proving up the supplemental fees.  The Court agrees with West that these fees are reasonable, and the objection is overruled.

Accordingly:

1.     The Magistrate Judge's Report and Recommendation is rejected in part, to the extent that the supplemental fees awarded in the R&R will be further reduced by the sum of $1,894, in light of the objections sustained in this Order, and the remainder of the R&R is adopted and incorporated

herein by reference.

2.      Defendant West Customer Management Group, LLC is hereby awarded

an additional $68,779.50 in supplemental attorneys' fees plus $1,873.48

in nontaxable expenses incurred in litigating post-trial issues.

3.      The EEOC is directed to submit payment in that amount to West,

through its counsel, within twenty-one (21) days of the date of this

Order.

**DONE AND ORDERED** this 20th day of May, 2016.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**